# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| DWIGHT BELTON, Plaintiff, v. GAVIN NEWSOM, et al., Defendants. | No. ED CV 19-1179-PA (DFM) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND

On June 26, 2019, Dwight Belton ("Plaintiff") filed a pro se civil rights complaint against Gavin Newsom, the Governor of California, Ralph Diaz, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and Dean Borders, the former Warden at the California Institution for Men. See Dkt. 1 ("Compl.") at 3.[1] All defendants are named in their official and individual capacity. See id.

## II. STANDARD OF REVIEW

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

---

[1] Mona D. Houston has replaced Mr. Borders as Warden and is thus automatically substituted as a defendant under Federal Rule of Civil Procedure 25(d).

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

The standard for determining whether a plaintiff has failed to state a claim under § 1915(e)(2) is the same as under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Although pro se pleadings are liberally construed, a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 562-563 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. (citations omitted). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III.   DISCUSSION

The Complaint is difficult to follow. As best the Court can understand, Plaintiff alleges that he was denied the right to participate in a CDCR fire camp as a volunteer firefighter due to having an unspecified disability. See Compl. at 5-7. Participation in the program entitles an inmate to time off his or her sentence. See id. at 6-7. Plaintiff brings claims for violation of the Americans with Disabilities Act ("ADA") and the Equal Protection Clause. He seeks monetary damages. See id. at 10-11.

Plaintiff has named as defendants Governor Newsom, Secretary Diaz, and Warden Borders. In their official capacity, these individuals are properly considered public entities under Title II. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (recognizing that "[o]fficial-capacity suits . . . generally

represent only another way of pleading an action against an entity of which an officer is an agent."). Title II of the ADA, however, does not provide for individual capacity suits against state officials. See 29 U.S.C. § 794(b); 42 U.S.C. § 12131; Vinson v. Thomas, 288 F.3d 1145, 1155-56 (9th Cir. 2002). Consequently, Plaintiff's individual-capacity claims are dismissed.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state an ADA claim, a plaintiff must allege that he or she: (1) has a disability; (2) is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). Although Title II of the ADA does not expressly provide for reasonable accommodations, one of its implementing regulations does. See 28 C.F.R. § 35.130(b)(7).

Liberally construed, the Complaint states a cognizable claim under the ADA. Plaintiff alleges that he is an individual with a (unspecified) disability; he is otherwise qualified to participate in the CDCR's fire camp program, he has been excluded from participating in the program, and the only reason he has been excluded is by reason of his disability. Additionally, Plaintiff alleges that CDCR has refused to make reasonable accommodations in its policies to avoid discriminating against Plaintiff based on his disability.

Plaintiff also suggests that the state officials violated § 1983 by denying him equal protection of the law. A plaintiff cannot bring a § 1983 action if

"Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." Buckley v. City of Redding, Cal., 66 F.3d 188, 190 (9th Cir. 1995). Title II of the ADA provides such a "comprehensive remedial scheme." Vinson, 288 F.3d at 1155-56; see also Okwu v. McKim, 682 F.3d 841, 845 (9th Cir. 2012) ("In Vinson we held that the remedial scheme of Title II of the ADA was comprehensive enough to foreclose § 1983 actions.").

Additionally, Plaintiff would face a stiff hurdle in stating an equal protection claim. "Because 'the disabled do not constitute a suspect class' for equal protection purposes, a governmental policy that purposefully treats the disabled differently from the non-disabled need only be 'rationally related to legitimate legislative goals' to pass constitutional muster." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001) (quoting Does 1-5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996)). Courts have previously found that the decision to deny camp placement based on disability is rationally related to the CDCR's legitimate interest in maintaining an inmate's health and safety while under its custody. See, e.g., Basque v. Schwartz, No. 07-2528, 2010 WL 120764, at *12-13 (E.D. Cal. Jan. 7, 2010).

For these reasons, Plaintiff's equal protection claim is dismissed.

### IV.  CONCLUSION

For the foregoing reasons, the Complaint is subject to dismissal with leave to amend. Accordingly, if Plaintiff desires to pursue his claims, he must file a First Amended Complaint ("FAC") within thirty-five (35) days of the date of this Order, remedying the deficiencies discussed above. The FAC should bear the docket number assigned in this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints or any other pleading, attachment, or document. **Alternatively, Plaintiff may voluntarily dismiss the equal protection claim,**

at which point the Court will serve the ADA claim on the named defendants in their official capacity.

If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to prosecute.

Date: September 10, 2019

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge